# United States District Court
# Northern District of Indiana

LARRY T. OUTLAW,                 )
                                        )

                Petitioner,       )

                                          )      Civil Action No.  3:07-CV-55 JVB

     v.                          )

                                          )

WILLIAM K. WILSON,            )

                                          )

                Respondent.     )

## OPINION AND ORDER

Larry T. Outlaw, a *pro se* prisoner, filed this habeas corpus petition challenging his 365 day loss of earned credit time and his demotion in credit class. In WCU 06-05-316, the Disciplinary Hearing Board (DHB) found him guilty on May 25, 2006, of attempted trafficking in violation of A-111/113. Outlaw presents four grounds for seeking habeas corpus relief.

First, he argues that he was denied the right to present evidence at his hearing. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be permitted to submit relevant, exculpatory evidence, *Scruggs v. Jordan*, 485 F.3d 934 (7th Cir. 2007), clarified that once an inmate admits to the elements of an offense, evidence attempting to explain or justify the behavior is neither relevant nor exculpatory. Here, Outlaw admitted to the investigator that he wrote two letters to two women discussing how to set up a method to receive payment from inmates for cigarettes and perhaps nude photos. DE 9-3 at 1. He also explained to the DHB at the hearing that he was merely using the letters to impress these women with his business acumen so that they would send him photos. DE 9-3 at 9.

In his defense, Outlaw requested the testimony of the mail room supervisor, which was obtained with a written statement. *See* DE 9-3 at 8. He also requested copies of the letters that he admitted writing. Though it is possible that the DHB reviewed these letters as he requested, there

is no due process violation even if they were not reviewed, since he admitted to what they said and that he wrote them. Thus, their admission would have merely been redundant and not in any way exculpatory. Outlaw requested a copy of the report of investigation even though he received a copy when he was notified of this charge and the DHB received a copy because it was the basis of this charge. See DE 9-3 at 1–2. Additionally, the DHB specifically noted on the Report of Disciplinary hearing that they reviewed the report of investigation. DE 9-3 at 9. Outlaw requested several prison policies, but policies are not evidence, they are at best a statement of rules or laws. He also requested his visitation list and letters from women, but such items could not be meaningful because he had already admitted to the elements of the offense. Finally he requested a handwriting analysis. First, it is unclear whether a handwriting analysis was ever performed. If not, then no such evidence existed to admit. But more critically, he had already admitted that he wrote the letters. Neither in this petition, nor in his administrative appeal has he ever denied writing the letters describing opportunities involving trafficking with inmates. Rather, he has merely attempted to explain that he wrote them as a scheme to induce these women to send him nude photos and not for the purpose of actually trafficking. Such explanation changes nothing. *See Scruggs v. Jordan*, 485 F.3d 934, 940-941 (7th Cir. 2007) (The CAB was free to accept [the petitioner's] version of events and still determine that punishment was appropriate.")

Second, Outlaw argues that his lay advocate was ineffective. Such a claim can only be meaningful if he was entitled to a lay advocate. Because he was not illiterate and the issue involved in this case was not complex, Outlaw was not entitled to a lay advocate.

> Where an illiterate inmate is involved, however, or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid

2

> in the form of help from the staff or from a sufficiently competent inmate designated
> by the staff.

*Wolff v. McDonnell*, 418 U.S. 539, 570 (1974). Here, Outlaw admitted the elements of the charge

against him. The charge against him was not complicated: he wrote a letter describing how to traffic

with inmates and encouraging the recipient to participate in this illegal activity. Outlaw is and was

literate. Everything he has submitted, including his medical requests, is lucid and gives no hint that

he suffered from any mental impairment which prevented him from presenting his case to the DHB.

Indeed, his submissions demonstrate that he did actually present his claims at the hearing and on

appeal. Therefore Outlaw did not need and was not entitled to a lay advocate.

Third and Fourth, Outlaw argues that the DHB violated state prison rules and procedures.

Citing *Gilbert v. Fraizer*, 931 F.2d 1581 (7th Cir. 1991), he argues that the Seventh Circuit has held

that this violates a prisoner's due process rights. He does not note that the United States Supreme

Court has subsequently said that it does not:

> We have stated many times that "federal habeas corpus relief does not lie for errors
> of state law." Today, we reemphasize that it is not the province of a federal habeas
> court to reexamine state-court determinations on state-law questions. In conducting
> habeas review, a federal court is limited to deciding whether a conviction violated
> the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations omitted); *see also Sandin v. Conner*, 515

U.S. 472, 486 (1995).

Outlaw has presented no basis for habeas corpus relief, therefore the petition will be denied.

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner." Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, this habeas corpus petition is **DENIED**.

3

**SO ORDERED** on February 25, 2008.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT JUDGE